UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MOHAMMED RAHIM,** | : |
|     Plaintiff, | : |
| | : |
| v. | :    3:22cv619 (MPS) |
| | : |
| **C.C. BARSTO, et al.,** | : |
|     Defendants. | : |

## INITIAL REVIEW ORDER

The *pro se* plaintiff, Mohammed Rahim, is a sentenced inmate housed at the Connecticut Department of Correction ("DOC") MacDougall-Walker Correctional Institution. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against DOC employees who worked at Corrigan-Radgowski Correctional Center ("Corrigan"): Counselor Campbell, Counselor King, Correction Officer Hayer, Correction Officer Stalling, Lieutenant Peau, Lieutenant Greene, Dr. McPherson, RN Kayla, RN Brennan, Counselor Barsto, and Grievance Reviewers John Doe and John Doe 2. Compl., ECF No. 1 at 3. On initial review, the Court permitted Rahim to proceed on his Eighth Amendment claims for damages against Correctional Officers Hayer and Stalling for their deliberate indifference to his inadequate mattress. ECF No. 8. The Court otherwise dismissed Plaintiff's federal constitutional claims but permitted him to file an amended complaint to correct the deficiencies identified in the Court's Initial Review Order.[1] *Id.*

Plaintiff has filed an amended complaint against Correctional Counselors Barsto, Campbell, and King; RNs Kayla and Brennan; Dr. McPherson; Lieutenants Peau and Greene; Correctional Officers Hayer and Stalling; Warden Robert Martin; and John Doe.[2] ECF No. 14.

---

[1] The Court declined to exercise jurisdiction over Rahim's Connecticut constitutional claims.

[2] Plaintiff's amended complaint indicates that he asserts claims against both John Doe Level 1 Grievance Review and John Doe Level 2 Grievance Reviewer.

1

He asserts violation of the Eighth Amendment, Fourteenth Amendment Equal Protection Clause, and Article First, Sections 9 and 20 of the Connecticut Constitution. He seeks damages and declaratory and injunctive relief.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

### I. DISCUSSION

The Court does not repeat herein any factual allegations previously stated in its prior initial review order unless necessary for review of a claim.

### A. Official Capacity Claims

Rahim seeks a declaratory judgment stating that the DOC current standard issue mattress is not suitable for long-term usage and violates the Eighth Amendment; and an injunction ordering defendants to provide him with an MRI. ECF No. 14 at 13. To the extent Rahim seeks damages against Defendants, who are state employees, in their official capacities, such claims must be dismissed as barred by the Eleventh Amendment. *See e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Rahim's requests for declaratory and injunctive relief must be dismissed because he is no longer housed at Corrigan and is, therefore, no longer subject to any ongoing constitutional violation by any of the defendants named in this matter. *See Washington v. McKoy*, 2020 WL 3042122, at *1 (2d Cir. 2020) ("In this circuit, an inmate's transfer from a

prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.") (quoting *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006)).

**B.     Eighth Amendment Deliberate Indifference**

The Eighth Amendment protects an inmate's rights to adequate medical care, *Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976), and humane "conditions of confinement," *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001).

For a medical deprivation, the prisoner must allege facts to show that "(1) objectively, the alleged deprivation of medical care was 'sufficiently serious,' and (2) subjectively, that the defendants acted or failed to act 'while actually aware of a substantial risk that serious inmate harm will result.'" *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006)). To be "sufficiently serious," the deprivation of medical care must be "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

To state a cognizable Eighth Amendment claim for unconstitutional conditions of confinement, a plaintiff must allege facts to show that (1) objectively, "the deprivation was sufficiently serious that he was denied the minimal civilized levels of life's necessities," and (2) subjectively, that the defendants "acted with a sufficiently culpable state of mind, such as deliberate indifference to inmate health or safety." *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (summary order) (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks omitted)).

Thus, to state a claim of deliberate indifference to either a medical need or a condition of confinement, a plaintiff must allege facts to suggest that the defendants acted not merely

3

carelessly or negligently, but with a subjectively reckless state of mind akin to criminal recklessness. *See, e.g.*, *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013); *Hilton v. Wright*, 673 F.3d 120, 127 (2d Cir. 2012) (*per curiam*); *Collazo*, 656 F.3d at 135. "Officials need only be aware of the risk of harm, not intend harm. And awareness may be proven from the very fact that the risk was obvious." *Spavone*, 719 F.3d at 138.

A plaintiff seeking monetary damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). This is also true for supervisory officials. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) (To "hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability.").

Rahim alleges that he suffers from severe debilitating back and neck pain, nerve damage, sleep deprivation and loss of life enjoyment due to his use of the mattress—designed to withstand 70 pounds of pressure prior to reaching maximum compression—provided to him at Corrigan. For purposes of initial review, Rahim's allegations are sufficient to satisfy the objective element for his Eighth Amendment claims of deliberate indifference to his serious medical needs and the condition of the inadequate mattress provided at Corrigan.

Rahim alleges that Defendants Barsto, Campbell, King, Peau, Greene, Hayer, Stalling, Brennan, McPherson and Warden Martin were aware of the risk of harm posed by the standard-issue prison mattress due to the volume of the inmate complaints, his complaints to them about the mattress, and the DOC Mattress Specification Sheet stating that the mattress was made for a sixty to seventy pound person. He alleges that despite being informed of the "torture" caused by

his mattress and its "hazardous condition," these defendants refused to provide him with a medical or double mattress or even a new replacement mattress. ECF No. 14 at 9-12. Based on these alleged facts, Rahim has sufficiently alleged plausible Eighth Amendment violations based on (1) deliberate indifference by Nurse Brennan and Dr. McPherson to his serious medical need for an adequate mattress; and (2) deliberate indifference by Barsto, Campbell, King, Peau, Greene, Hayer, Stalling, and Warden Martin to the substantial risk of serious harm posed by the condition of his inadequate mattress.

With respect to his Eighth Amendment claims against the Grievance Reviewers John Doe and John Doe 2, Rahim alleges that they denied his Level 1 and Level 2 Grievances seeking an adequate mattress. He indicates that they were aware of the poor condition of his mattress and could have issued an order to custody staff to provide him with an adequate mattress. For purposes of this initial review, Rahim raises an inference that the John Doe Grievance Reviewers acted with deliberate indifference to his risk of harm from his inadequate mattress. Accordingly, the Court will permit Rahim to proceed on his Eighth Amendment claims of deliberate indifference to his risk of harm from his inadequate mattress against Grievance Reviewers John Doe and John Doe 2.

Rahim's amended complaint does not, however, allege any facts about Defendant Kayla. As previously explained on prior initial review, a plaintiff may not file exhibits in lieu of alleging facts in the complaint against a defendant. ECF No. 8 at 9. Thus, Rahim has failed to allege facts reflecting that Kayla acted with deliberate indifference, *i.e.*, that she personally knew of but disregarded Rahim's serious risk of harm. See *Tangreti*, 983 F.3d at 619. Accordingly, the Court must dismiss any Eighth Amendment claim against Defendant Kayla as not plausibly alleged.

### C. Fourteenth Amendment Equal Protection

To state an equal protection claim, a plaintiff must allege facts showing that: (1) he or she was treated differently from similarly situated individuals and (2) that the discriminatory or different treatment was based on "'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980)). Even when a suspect classification is not at issue, the Equal Protection Clause still requires that individuals be treated the same as "similarly situated individuals." *Fortress Bible Church v. Feiner,* 694 F.3d 208, 222 (2d Cir. 2012). Thus, a plaintiff may bring a "class of one" equal protection claim "where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Rahim has not alleged a membership in a suspect class because prisoners in general are not a suspect class. *See Graziano v. Pataki*, 689 F.3d 110, 117 (2d Cir. 2012). Nor has he alleged a plausible "class of one" equal protection claim because he has not alleged facts suggesting that he was treated differently than other similarly situated inmates. Thus, Rahim's equal protection claims must be dismissed as not plausibly alleged.

### D. Connecticut Constitutional Claims

The Court will not depart from its prior decision to decline to exercise supplemental jurisdiction over Rahim's claims under Article First, sections 9 and 20 of the Connecticut Constitution that raise new and undeveloped issues under state law. *See* 28 U.S.C. § 1367(c)(1).

6

Accordingly, Rahim's claims under the Connecticut Constitution must be dismissed without prejudice.

## II. ORDERS

The Court enters the following orders.

(1) Consistent with the foregoing, the case shall proceed on Rahim's Eighth Amendment deliberate indifference claims for damages against Defendants Barsto, Campbell, King, Peau, Greene, Hayer, Stalling, Brennan, McPherson, Martin and John Doe, and John Doe 2 in their individual capacities.

The clerk is instructed to add John Doe 2 to the defendants on the docket.

Rahim's Fourteenth Amendment equal protection claims and official capacity claims are DISMISSED. Defendant Kayla is DISMISSED from this action.

The Court declines to exercise supplemental jurisdiction over Rahim's state law Connecticut Constitution, Article First claims. These state law claims are DISMISSED without prejudice.

(2) The Clerk shall verify the current work address of Defendants Barsto, Campbell, King, Peau, Greene, Brennan, McPherson, and Martin with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the amended complaint, [ECF No. 14], to them at their confirmed addresses within **twenty-one (21) days** of this Order, and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing.[3] If a defendant fails to return the waiver request, the clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on that defendant, and that defendant shall be

---

[3] An appearance has already been entered for Correction Officer Hayer and Correction Officer Stalling.

required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Clerk cannot effect service on a Doe defendant without that defendant's full name and current work address. Plaintiff is directed to obtain this information during discovery and to file a notice containing that information about the Doe Defendants with court **within 90 days** of this order. **Once a defendant Doe has been identified, the court will order that he or she be served with a copy of the complaint. Failure to identify a Doe defendant within this time frame will result in the dismissal of all claims against that defendant.**

(4) The clerk shall send a courtesy copy of the amended complaint, [ECF No. 14], and this Order to the DOC Office of Legal Affairs and to the Connecticut Attorney General.

(5) The defendants shall file a response to the amended complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to him. If the defendants choose to file an answer, defendants shall admit or deny the allegations and respond to the cognizable claims recited above. The defendants may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed within six months (180 days) from the date of this Order. Discovery requests need not be filed with the Court.

(7) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(8) All motions for summary judgment shall be filed within seven months (210 days) from the date of this Order.

(9) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendant or defense counsel of his new address.

(11) The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. The plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendant's counsel by regular mail.

                                         __/s/_____
                                         Michael P. Shea
                                         United States District Judge

**SO ORDERED** this _10th_ day of ___April___ 2023, at Hartford, Connecticut.